IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PENN-AMERICA INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VE SHADOWOOD, LP, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 5:22-CV-154 (MTT)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Plaintiff Penn-America Insurance Company seeks a declaration that it does not owe a duty to defend or indemnify Defendants VE Shadowood, LP or VE Shadowood GP, LLC for claims asserted in an underlying lawsuit. Doc. 1. The underlying suit arises from a shooting death on the insured's premises. *Id*.

After all defendants answered, Penn moved for judgment on the pleadings.[1] Doc. 27. Penn argues that two exclusions in its Commercial General Liability ("CGL") insurance policy excuse its duties to defend and indemnify. *Id*. First, Penn argues that there is no coverage for the alleged shooting because the policy contains a firearms exclusion. *Id*. at 5-7. Second, Penn argues that Defendant VE Shadowood GP, LLC is not an additional insured under the policy because it contains an LLC limitation. *Id*. at 8-10. The Shadowood defendants responded and VE Shadowood GP, LLC moved for

---

[1] Latisha Baker, the plaintiff in the underlying lawsuit, is a defendant in this action. Baker filed an answer, but did not respond to Penn's motion for judgment on the pleadings.

partial judgment on the pleadings on the issue of whether it is an additional insured under the policy.  Docs. 28; 31.  For the following reasons, Penn's motion for judgment on the pleadings is **GRANTED in part** and **DENIED in part**, and VE Shadowood GP, LLC's motion is **DENIED**.

## I. BACKGROUND

On November 10, 2021, a gang member shot and killed Cyrus Norwood at the Shadowood West Apartments.  Doc. 1-1 ¶ 8.  Latisha Baker, the mother of Norwood's minor child, brought a wrongful death lawsuit on her son's behalf against the owners and operators of the Shadowood West Apartments—VE Shadowood, LP and VE Shadowood GP, LLC.  *Id*. ¶¶ 1-4.  Baker alleges that the defendants breached their duty to keep their property safe from foreseeable criminal attacks.  *Id*. ¶¶ 17, 23.

Penn issued a CGL policy to VE Shadowood, LP.  Doc. 1 ¶ 14.  VE Shadowood, LP is the only named insured.  Doc. 1-2 at 2.  The policy provides that Penn "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury[.]'"  *Id*. at 17.  The policy excludes coverage for bodily injury resulting from an assault or battery.  *Id*. at 35.

Further, Penn added an endorsement to the policy, providing that "[t]his insurance does not apply to 'bodily injury' … arising out of the use, sale, or demonstration of *firearms or other weapons* by any person."  *Id*. at 62 (emphasis added).  Although not mentioned in Penn's complaint, the policy also contains a Limited Assault and Battery endorsement, for which VE Shadowood, LP paid a higher premium.  Docs. 1-2 at 41; 13 ¶ 15.  The endorsement provides that Penn will pay up to $50,000 for "those sums that the insured becomes legally obligated to pay as damages because

of 'bodily injury' arising out of an … 'assault' or 'battery' that occurs in, on, near or away from the premises[.]"  Doc. 1-2 at 41.  The endorsement defines "battery" as "the intentional or reckless use of force, including a physical altercation or dispute between persons, or offensive touching against another, resulting in injury, whether or not the actual injury inflicted is intended or expected.  The use of force includes, but it [sic] not limited to *the use of a weapon*."  *Id*. at 42 (emphasis added).  This endorsement applies "whether or not … [c]aused by or arising out of an insured's failure to properly supervise or keep the insured's premises in a safe condition[.]"  *Id*. at 41.

Finally, the policy defines who is considered an additional insured.  *Id*. at 25-26.  Applicable to VE Shadowood, LP, the policy states that "[i]f you are designated in the Declarations as … [a] partnership … you are an insured.  Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business."  *Id*. at 25.  The policy also states, however, that "[n]o person or organization is an insured with respect to the conduct of any current or past … limited liability company that is not shown as a Named Insured in the Declarations."  *Id*. at 26.

Based on the firearms exclusion, Penn seeks a declaration that it does not owe a duty to defend or indemnify because the underlying action arose from the use of a weapon.  Doc. 27.  Based on the LLC limitation, Penn seeks a declaration that it does not owe VE Shadowood GP, LLC a duty to defend or indemnify, despite it allegedly being a partner of named insured VE Shadowood, LP.  *Id*.  Conversely, VE Shadowood GP, LLC seeks a declaration that Penn owes it a duty to defend and indemnify because it is a member of named insured VE Shadowood, LP and thus an additional insured as defined by the policy.  Docs. 28; 31.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion. *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999). "Where the plaintiff moves for judgment on the pleadings, the fact allegations of the answer are taken to be true, but those of the complaint are taken as true only where and to the extent that they do not conflict with those of the answer." *Parker v. DeKalb Chrysler Plymouth*, 459 F. Supp. 184, 187-188 (N.D. Ga. 1978) (citing *Bass v. Hoagland*, 172 F.2d 205, 207 (5th Cir. 1949)).[2]

To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint, and therefore also a Rule 12(c) motion for judgment on the pleadings, must contain sufficient factual matter "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282,

---

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

1296 (11th Cir. 2011) (internal quotation marks and citations omitted).  But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up).  A Rule 12(c) motion for judgment on the pleadings, must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the factual allegations.  *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

### III. DISCUSSION

"Insurance is a matter of contract and the parties are bound by the terms of the policy."  *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 221, 231 S.E.2d 245, 249-50 (1976) (citations omitted).  In Georgia, the interpretation of an insurance policy is generally "a question of law," to which courts apply the "ordinary rules of contract construction."  O.C.G.A. § 13-2-1; *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 269 Ga. 326, 327, 498 S.E.2d 492, 494 (1998) (citation omitted).  "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application made a part of the policy."  O.C.G.A. § 33-24-16.  "Under the rules of contract construction, the policy is construed against the insurer as the drafter of the policy and any exclusions from coverage are strictly construed." *Pilz v. Monticello Ins. Co.*, 267 Ga. App. 370, 371-72, 599 S.E.2d 220, 221 (2004) (cleaned up).  "[I]f the policy exclusions are unambiguous[,] they must be given effect 'even if beneficial to the insurer and detrimental to the insured.'" *Id*. at 372 (quoting

*Jefferson Ins. Co. of N.Y. v. Dunn*, 269 Ga. 213, 215, 496 S.E.2d 696, 699 (1998)); *see also Fireman's Fund Ins. Co. v. Univ. of Ga. Athletic Ass'n, Inc.*, 288 Ga. App. 355, 365, 654 S.E.2d 207, 215 (2007); *Nationwide Mut. Fire Ins. Co. v. Somers*, 264 Ga. App. 421, 426, 591 S.E.2d 430, 435 (2003).

Under Georgia law, "an insurer's duty to pay and its duty to defend are separate and independent obligations." *Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc.*, 268 Ga. 564, 565, 490 S.E.2d 374, 376 (1997) (citation and quotation marks omitted). "The insurer may be obligated to defend, even [if it is] not ultimately liable for any judgment[.]" *Id*. at 565, 490 S.E.2d at 376-77 (citation and brackets omitted). "[T]he insurer is obligated to defend where ... the allegations of the complaint against the insured are ambiguous or incomplete with respect to the issue of insurance coverage." *Id*. (citations omitted). And "it is only where the complaint sets forth true factual allegations showing no coverage that the suit is one for which liability insurance coverage is not afforded and for which the insurer need not provide a defense." *Id*. (citations omitted). "Where the claim is one of potential coverage, doubt as to liability and [the] insurer's duty to defend should be resolved in favor of the insured." *Id*. (citation and quotation marks omitted).

**A. The Pleadings do not Establish that Penn has No Duty to Defend or Indemnify.**

Although Penn's policy excludes coverage for bodily injury resulting from an assault or battery, VE Shadowood, LP, for an additional premium, purchased coverage for injuries resulting from battery, even when a weapon is involved. Docs. 1-2 at 35, 41-42; 28 at 6. However, the firearms endorsement provides that coverage is not provided for bodily injury "arising out of the use … of firearms or other weapons[.]" Doc. 1-2 at

62.  Both endorsements "modif[y]" the "Commercial General Liability Form."  *Id*. at 41, 62; Doc. 27 at 7.

In a conclusory argument citing no authority, Penn essentially argues that the firearms endorsement somehow trumps the assault and battery endorsement.  Doc. 27 at 7-8.  At best, the apparently conflicting endorsements are ambiguous.[3]  One endorsement grants coverage and one takes away coverage.  Nothing in the policy suggests the grant of coverage is taken away by the firearms endorsement.  Because of this, the Court cannot find as a matter of law that Penn does not owe a duty to defend and indemnify its insureds.  Accordingly, Penn's motion for judgment on the pleadings based on the firearms exclusion is **DENIED**.[4]

B.  **The LLC Limitation is Unambiguous—VE Shadowood GP, LLC is Not an Additional Insured.**

Penn argues that VE Shadowood GP, LLC is not an additional insured and therefore is not entitled to coverage under the policy.  Doc. 27 at 10.  Specifically, Penn asserts that the LLC limitation in the policy excuses its obligation to defend an LLC not named in the declarations.  *Id*. at 8-10.  Penn is correct.

In relevant part, the policy defines an additional "insured" as follows:

---

[3] "[C]ontractual provisions are ambiguous when they are susceptible to more than one meaning, even if each meaning is logical and reasonable.  Indeed, a contract is ambiguous if the words leave the intent of the parties in question—i.e., that intent is uncertain, unclear, or is open to various interpretations." *Auto-Owners Ins. Co. v. Neisler*, 334 Ga. App. 284, 286-87, 779 S.E.2d 55, 59 (2015) (citations and internal quotation marks omitted).

[4] Defendants' arguments—(1) that the weapons exclusion does not apply to intentional conduct, and (2) that the $50,000 policy limit is inapplicable—are not relevant.  Doc. 28 at 10-16.  It is not necessary to reach either argument to resolve Penn's motion.

> Section II – Who Is An Insured
>
> 1. If you are designated in the Declarations as:
>
>    ...
>
>    b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.
>
>    ...
>
> No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

Doc. 1-2 at 25-26.

When interpreting the meaning of a contract, Georgia law requires the Court to look at the contract in its entirety. O.C.G.A. § 13-2-2(4) ("The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part."). As the parties noted in their briefs, the Eleventh Circuit applied this rule in the interpretation of an almost identical LLC limitation in *Gemini Insurance Company v. Castro*. 723 F. App'x 797 (11th Cir. 2018).[5]

In *Castro*, the Eleventh Circuit held that an LLC which otherwise fell within the definition of an insured was not covered by the policy because the policy had an LLC limitation and the LLC was not named in the declarations. *Id*. There, the LLC employed a driver who, while hauling a trailer owned by and with permission from the named insured, "struck and killed" an individual. *Id*. at 799. The policy defined permissive users as additional insureds, just as Penn's policy extends coverage to partners of a named insured. *Id*. at 799-800. Thus, the LLC, as a permissive user, would be an

---

[5] Although *Castro* is an unpublished decision and thus non-binding, its facts are very similar to those here and its reasoning is persuasive.

additional insured.  But the policy, like Penn's policy, had an LLC limitation: "[n]o person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations."  *Id*. at 799.

The Eleventh Circuit held that the LLC limitation unambiguously excluded LLCs from the definition of an insured.  *Id*. at 801.  One factor in the court's conclusion was the format, which, the court reasoned, established the limitation's purpose to apply to the entirety of the preceding section.  *Id*. at 800.  Specifically, the LLC limitation was "flush to the margin" at the end of the "Who is an Insured" section—exactly like the LLC limitation here.  *Id*.; Doc. 1-2 at 26.

VE Shadowood GP, LLC's efforts to distinguish *Castro* fail.  Doc. 28 at 17-18.  Both the LLC in *Castro* and VE Shadowood GP, LLC were defined in the respective policies as additional insureds, albeit by different subparts of the "Who is an Insured" sections.  The purpose of both subparts is to define additional insureds.  In both policies, as a matter of simple contract construction, the LLC limitation, flush to the margin, applies to all definitions of additional insureds.

Because the policy's LLC limitation is unambiguous, VE Shadowood GP, LLC's motion for partial judgment on the pleadings is **DENIED**.  Accordingly, Penn's motion for judgment on the pleadings based on the LLC limitation is **GRANTED**.

### IV. CONCLUSION

The Court cannot find that the firearms exclusion as a matter of law relieves Penn from its duty to defend and indemnify VE Shadowood, LP.  Conversely, the LLC limitation is not ambiguous and Penn as a matter of law does not have a duty to defend

or indemnify VE Shadowood GP, LLC.  Accordingly, Penn's motion (Doc. 27) is **GRANTED** in part and **DENIED** in part.  VE Shadowood GP, LLC's motion (Doc. 28), for the same reasons, is **DENIED**.

    **SO ORDERED**, this 11th day of October, 2022.

                                              S/ Marc T. Treadwell
                                              MARC T. TREADWELL, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT