IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PENN-AMERICA INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )   CIVIL ACTION NO. 5:22-CV-154 (MTT) ) |
| VE SHADOWOOD, LP, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

On April 20, 2022, Plaintiff Penn-America Insurance Company filed this action seeking a declaration that it does not owe VE Shadowood, LP or VE Shadowood GP, LLC a duty to defend or indemnify.  Doc. 1.  Penn moved to amend its complaint to add Gateway Management Company, LLC as a defendant due to the addition of Gateway in the underlying lawsuit.  Doc. 36.  The Court granted this motion, and Gateway was added as a defendant on October 14, 2022.  Docs. 38; 39.

Because Gateway failed to timely file an answer, Penn moved for a Clerk's entry of default against Gateway on November 29, 2022.  Doc. 47.  On November 30, 2022, the Clerk of Court entered default against Gateway and instructed Penn to file a motion for default judgment within twenty-one days.  Penn moved for default judgment on December 13, 2022.  Doc. 48.  Later that same day, Gateway moved to open the default entered against it.  Doc. 50.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause."  "Good cause is a mutable standard, varying from situation to situation," but factors for courts to consider include the following: (1) whether

the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default.  *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (internal quotation marks and citations omitted).  Courts should not find that good cause exists if the defaulting party "demonstrates an intentional or willful disregard of the judicial proceedings."  *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014).  However, in light of the Eleventh Circuit's "strong policy of determining cases on their merits … default judgments are generally disfavored."  *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (internal quotation marks and citation omitted).

      The Court finds that Gateway has shown good cause.  First, Gateway's default was not culpable or willful.  Rather, it was due to a mistake by Gateway's insurance representatives.  Doc. 50 at 6 ("[T]he default resulted from unintentional workflow errors, whereby Gateway transmitted a copy of the Complaint for Declaratory Judgment to its insurance representative, who mistook the Amended Complaint for the original Complaint and mistakenly believed that additional counsel was not then necessary to contest the Declaratory Judgment.").  Although a seemingly reckless mistake, the Court does not find that it amounts to culpability or willfulness on Gateway's part.  Penn implies that Gateway's default was culpable and willful based on *when* Gateway filed its motion to open default.[1]  Doc. 53 at 2-3.  In fact, Penn states that "[t]he timing of

---

[1] Penn also takes issue with Gateway's rejection of a deal proposed by Penn.  Doc. 53 at 3.  Penn's counsel informed Gateway's counsel that it would consent to open default if Gateway agreed to file an answer within ten days.  Doc. 53-1 at 2.  Gateway's counsel could not agree to that deal because Gateway intended "to bring in additional counsel to contest the Complaint for Declaratory Judgment."  Doc. 55 at 3.

Gateway's fully-briefed motion is intriguing because it would be consistent with Gateway *tracking the docket* to see whether a motion for default judgment would in fact be filed." *Id*. at 2 (emphasis added).  But the Court agrees with Gateway—that "would be a strange litigation strategy."  Doc. 55 at 2.

Second, opening Gateway's default will not prejudice Penn.  Penn argues prejudice would result because "it is important for the parties to have a final resolution of the question of a duty to defend VE Shadowood, LP sooner rather than later."  Doc. 53 at 4.  If a quick resolution was of importance to Penn, one would think that it would have filed a dispositive motion as to the Shadowood defendants by the deadline set by the Court's scheduling order.  Doc. 23.  But it did not.  In any event, the Court does not find that any prejudice will result by opening Gateway's default.[2]

Third, Gateway has provided "a hint of a suggestion that [it has] a meritorious defense" against Penn's claims.[3]  *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)[4]; Docs. 50; 55; 59.  Gateway claims it has rights under Penn's policy because it has an "insured contract" with VE Shadowood, LP.  Doc. 59 at 2-6.

Finally, there are no facts suggesting that Gateway did not act promptly after discovering the error.  Again, Penn's suggestion that Gateway "tracked the docket" and waited to move to open its default until Penn filed its motion for default judgment is without merit.  Doc. 53 at 2.

---

[2] It is also worth noting that at the end of December, Penn was willing to consent to the opening of Gateway's default.  Doc. 53-1.

[3] In its initial motion, Gateway failed to present a defense against the underlying policy's LLC limitation. *See* Doc. 37 at 7-9.  Accordingly, the Court ordered Gateway to address this limitation in a supplemental brief.  Doc. 59.

[4] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

For the reasons addressed above, Gateway's motion to open default (Doc. 50) is **GRANTED**.  Accordingly, Penn's motion for default judgment (Doc. 48) and Gateway's motion for a hearing (Doc. 57) are **TERMINATED as moot**.

**SO ORDERED**, this 25th day of January, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
