IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PENN-AMERICA INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 5:22-cv-00154-MTT |
| VE SHADOWOOD, LP, et al. | ) ) | |
| Defendants. | ) | |

## MOTION FOR RECONSIDERATION
## AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Local Rule 7.6, Plaintiff Penn-America Insurance Company ("PAIC") moves for reconsideration of the order denying PAIC's motion for judgment on the pleadings on the basis that the Court's order did not address the issue as to whether Gateway Management Company, LLC ("Gateway") is an "insured" as PAIC had briefed.

In the motion, PAIC showed that consistent with the Court's prior ruling with respect to VE Shadowood GP, LLC, Gateway was also not an "insured" by application of the LLC Limitation. (Doc. 67, pp. 4-5.) Gateway did not address the LLC Limitation at all in its response but instead claimed that it was owed contractual indemnity by VE Shadowood LP and *therefore* PAIC owed it "defense

1

and indemnity" under the "insured contract" definition. (Doc. 70, p. 6.) In reply, PAIC pointed out that, in that context, Gateway would be a *claimant* against Shadowood and not an *insured* entitled to coverage. (Doc. 73, pp. 4-6.)

In denying PAIC's motion, the Court did not address the issue that had been briefed, i.e., that Gateway is not an "insured," but instead denied the motion because PAIC had not addressed "whether Gateway is entitled to a defense pursuant to the 'insured contract' provision of Penn's policy," citing Doc. 1-2, p. 25. (Doc. 74.) The provision on the page of the policy cited by the Court does not address whether a party is an "insured" but instead whether an "indemnitee"—under certain conditions—might be entitled to a defense with the same attorney also representing an insured. The "indemnitee" provision is located within the Supplementary Payments section of the policy which is distinct from the "Who Is An Insured" section. (Doc. 1-2, p. 25.) And among other things, it requires that the "insured and indemnitee" have asked PAIC to provide a defense to the indemnitee; that there is no conflict between "the insured and the indemnitee"; that "the insured and the indemnitee" can be defended by the same legal counsel; and that "the indemnitee" agrees in writing to be bound by certain obligations. (*Id.*) Even then, while the "indemnitee" meeting all of these conditions would be entitled to a joint defense with the "insured," it would not be entitled to any coverage in its own right.

Tellingly, that the "indemnitee" provisions consistently differentiate between an "insured" and "indemnitee" highlight that it is separate and apart from whether Gateway is an "insured" in its own right which was the sole issue raised in PAIC's motion and addressed by Gateway in its response. By way of further explanation, the indemnitee provision applies when Gateway is a contractual *indemnitee* of VE Shadowood LP *and* when the listed conditions are met. Critically, it would not make Gateway an "insured" under the "Who Is An Insured" provisions of the policy for PAIC to owe coverage obligations directly to Gateway in its own right. Instead, the indemnitee provision—where applicable—would provide a defense under the Supplementary Payments provision where a defense is owed to an "insured" in the first place.

Whether Gateway is an "insured," in contrast, is critical to determining whether Gateway would be owed coverage obligations under the policy in its own right. *That* inquiry depends entirely on the application of the LLC Limitation (as well as the Firearms Exclusion that was preserved for a potential appeal) and does not relate to whether it is an "indemnitee" that is entitled to a defense along with an "insured." The two inquiries are separate and only the question of Gateway's status as an insured was raised in PAIC's motion and briefed by Gateway in response.

In sum, by finding that PAIC had not addressed the "indemnitee" provision, the Court did not rule on the issue that was joined as to Gateway's status as an

"insured." Even if Gateway would be entitled to a defense under the "indemnitee" provision, the Court should have reached the separate issue as to its status as an "insured." Accordingly, PAIC asks the Court to reconsider the denial of its motion and declare that Gateway is not entitled to coverage as an "insured" due to the application of the LLC Limitation in the policy.

FREEMAN MATHIS & GARY, LLP

*/s/ Philip W. Savrin*

Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

*Attorney for Plaintiff Penn-America Insurance Company*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5978
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing **MOTION FOR RECONSIDERATION AND MEMORANDUM OF LAW IN SUPPORT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to all attorneys of record who are CM/ECF participants as follows:

| | |
|---|---|
| Richard H. Hill, Jr.<br>Michele A. Milkey<br>Mabry & McClelland, LLP<br>2200 Century Parkway NE<br>Suite 1000<br>Atlanta, Georgia 30305<br>rhill@m-mlegal.com<br>mmilkey@m-mlegal.com | Michael B. Hill<br>Mayo Hill<br>577 Mulberry Street<br>Suite 1400<br>Macon, Georgia 31208<br>hill@mayohill.law |
| Walker S. Stewart<br>Lee M. Gillis, Jr.<br>Hall, Bloch, Garland & Meyer, LLP<br>577 Mulberry Street<br>Macon, GA 31201<br>walkerstewart@hbgm.com<br>leegillis@hbgm.com | |

This 20th day of July, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
*Counsel for Plaintiff Penn-America Insurance Company*