IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PENN-AMERICA INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 5:22-CV-154 (MTT) ) |
| VE SHADOWOOD, LP, et al., | ) ) ) |
| Defendants. | ) ) ) |

# ORDER

Plaintiff Penn-America Insurance Company moves the Court to enter final judgment pursuant to 28 U.S.C. § 1291 or, alternatively, to enter final judgment under Rule 54(b). Doc. 115. For the reasons that follow, the motion (Doc. 115) is **DENIED**.

Starting with Penn's motion pursuant to 28 U.S.C. § 1291, *James River Insurance Co. v. Ultratec Special Effects, Inc.*, 22 F.4th 1246 (11th Cir. 2022), is instructive for two reasons. First, in *James River*, the Eleventh Circuit found that "[b]y entering an order declaring that the Insureds have a right to be defended … the district court made the declaratory judgment akin to an injunction." *Id*. at 1253. As a result, an appeal from the order on the duty to defend was allowed to proceed despite the duty to indemnify claim remaining before the district court. *Id*. Here, as Penn acknowledges and the Court reiterates, the Court has decided nothing definitively. Docs. 122 at 3; 54 at 1. Rather, the Court simply denied Penn's motion for judgment on the pleadings because the Court did not find, as a matter of law, that the Firearms Exclusion "applies with full force to the LIMITED A&B ENDORSEMENT." Docs. 37 at 6; 27 at 8. Second,

if Penn is somehow correct in its assertion that the duty to defend VE Shadowood, LP has been fully adjudicated (Doc. 115), the proper avenue under *James River* is an appeal, not an entry of final judgment under 28 U.S.C. § 1291 or Rule 54(b).

To constitute a final judgment for purposes of Rule 54(b), a decision must be "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action,'" and a "'judgment' in the sense that it is a decision upon a cognizable claim for relief." *Lloyd v. Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). Thus, Penn's claim for relief guides our inquiry: "Based on *all the terms, conditions, and exclusions in the Policy* (whether or not expressly mentioned or identified in this Complaint), as well as under relevant legal principles and public policy concerns, PAIC is entitled to a declaration that it does not owe a duty to defend VE Shadowood, LP." Doc. 1 at 7 (emphasis added). The Court addressed only one of the alleged ambiguities in Penn's policy—one created by the firearm endorsement and the assault and battery endorsement. Doc. 37 at 7. Therefore, the Court's decision was not an ultimate disposition of the duty to defend.[1] Accordingly, Penn's Motion to Enter Final Judgment (Doc. 115) is **DENIED**.

**SO ORDERED**, this 6th day of September, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] *See Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1369 (11th Cir. 1983) (noting that "[a]n order only partially disposing of a single claim does not finally determine the claim and thus is interlocutory").