IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PENN-AMERICA INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 5:22-CV-154 (MTT) ) |
| VE SHADOWOOD, LP, et al., | ) ) ) |
| Defendants. | ) ) ) |

## ORDER

Plaintiff Penn-America Insurance Company moves the Court to vacate its Order denying, in part, Penn's motion for judgment on the pleadings.  Doc. 127.  The Court denied Penn's motion for judgment on the pleadings after determining that the firearms endorsement and the assault and battery endorsement in Penn's policy were conflicting and ambiguous.  Doc. 37 at 7.  Penn moved for reconsideration of the Court's Order, which the Court denied.  Docs. 41; 45.  On the present motion, Penn requests the Court to "revise" or "rescind" its Order under Rule 54(b) or to "relieve" Penn from its Order under Rule 60(b)(6).  Doc. 127 at 4-5.

While "[i]t is permissible for a district court to rescind its own interlocutory order[,]"[1]  Penn makes no argument that persuades the Court to do so.  Penn maintains that "[t]he Court's finding as to the Firearms Exclusion meant that the allegations in the underlying complaint … did not 'unambiguously exclude coverage under the policy' for purposes of the duty to defend."  Doc. 127 at 5 (citing *Landmark Am. Ins. Co. v. Khan*,

---

[1] *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1231 (11th Cir. 2010).

307 Ga. App. 609, 612, 705 S.E.2d 707, 710 (2011).  Thus, Penn "continued to defend Shadowood in the underlying suit."  *Id*.  Now that the underlying lawsuit has settled, Penn asserts that its motion to vacate the Court's Order is Penn's alternative to "pursu[ing] a recovery of the costs incurred" and would "allow the claims in this case to be dismissed without prejudice."  Docs. 127 at 6; 130 at 2.

Aside from restating arguments raised in its previous motion for reconsideration and motions for entry of final judgment, Penn cites no meaningful authority to support its request.  As Penn acknowledges, Penn is free to seek reimbursement of defense costs.  Docs. 130 at 2-3.  The fact the Penn considers this option inefficient, or that the Court's Order could "impact other insureds and insurers" beyond the litigants in this case, carries little weight.  Accordingly, Penn's motion to vacate (Doc. 127) is **DENIED**.

**SO ORDERED**, this 18th day of June, 2025.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT